IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 02-0346 |
| vs. | : | |
| | : | CIVIL ACTION |
| SALVATORE PELULLO | : | NO. 12-4966 |

M E M O R A N D U M

**STENGEL, J.**                                                                                   June 3, 2013

On July 30, 2002, Salvatore Pelullo entered a plea of guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343. Mr. Pelullo was sentenced in October 2002 to five years' probation, a fine of $1,000, restitution in the amount of $21,000, and a special assessment of $100. He did not file a direct appeal.

Although his conviction has been final for over ten years, Mr. Pelullo filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, and the government has responded. For the following reasons, I will dismiss the petition without a hearing.

**I. BACKGROUND**

Mr. Pelullo has recently been indicted by a federal grand jury in the District of New Jersey with, *inter alia*, a violation of 18 U.S.C. § 371, that is, knowingly and intentionally conspiring and agreeing with others "to possess in and affecting commerce firearms and ammunition having been convicted of a crime punishable by imprisonment for a term exceeding one year, contrary to Title 18 U.S.C. § 922(g)(1)." Mr. Pelullo now seeks a judicial "ruling or clarification" in this court that his conviction here for wire

fraud was not a felony, thereby disqualifying him from the firearm count in the District of New Jersey indictment.

## II. LEGAL STANDARD

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Thus, Mr. Pelullo is entitled to relief only if he can demonstrate that he is in custody in violation of federal law or the Constitution. See United States v. Garth, 188 F.3d 99, 108 (3d Cir. 1999) (citing Herrera v. Collins, 506 U.S. 390, 404 (1993)) (federal *habeas* courts sit to ensure that individuals are not imprisoned in violation of the Constitution, not to review questions of guilt or innocence.) In considering this motion, the court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005).

Mr. Pelullo has filed this motion *pro se*. *Pro se* pleadings are traditionally construed quite liberally. However, a *pro se* petitioner is not excused from the duty to prove a "set of facts in support of his claim which would entitle him to relief." Haines v.

Kerner, 404 U.S. 519, 521 (1972).  A prisoner in custody may move the sentencing court to "vacate, set aside, or correct" a sentence imposed "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255.  Section 2255 permits *habeas* relief for an error of law or fact constituting a "fundamental defect which inherently results in a complete miscarriage of justice."  United States v. Eakman, 378 F.3d 294, 298 (3d Cir. 2004) (citing United States v. Addonizio, 442 U.S. 178, 184 (1979)).

Section 2255 provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  28 U.S.C. § 2255(b).  Conversely, a court may dismiss a Section 2255 motion where the records and files show conclusively that the movant is not entitled to relief.  United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994).

## III. DISCUSSION

In the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, Congress prescribed a one-year period of limitation for the filing of a *habeas corpus* petition. Specifically, 28 U.S.C. § 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1)    the date on which the judgment of conviction becomes final;
>
> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is

> removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Mr. Pelullo was sentenced on October 30, 2002, and judgment was entered on November 1, 2002. His conviction became final on or about November 15, 2002, when his time for filing a direct appeal expired. See Clay v. United States, 537 U.S. 522 (2003); see also Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999). Under these circumstances, Mr. Pelullo would have had to file his federal *habeas* petition on or before November 17, 2003 for it to be timely. He did not do so, however, until August 17, 2012, almost nine years after the federal limitations period expired.

Mr. Pelullo implies that a later start date for his limitations period should apply based on a decision by the Court of Appeals for the Fourth Circuit. See United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (when sentences imposed under a rigid North Carolina sentencing guideline scheme are assessed under 21 U.S.C. § 802(44), which addresses prior convictions relevant to federal drug trafficking laws, the relevant maximum term is that allowed for each particular defendant). Mr. Pelullo indicates that he was unable to raise this issue previously because the Simmons decision was issued in August 2011. Title 28 of the United States Code, Section § 2244(d)(1)(C), however,

4

allows for a later start date of the federal limitations period only where the petitioner is asserting a constitutional right which is both "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Here, Mr. Pelullo is not asserting a new constitutional right. Further, he was convicted of an offense in this court where the North Carolina sentencing guideline scheme is inapplicable. Simmons is therefore not binding on this court. Finally, as the government argued in its response, there was nothing preventing Mr. Pelullo from making the same arguments made by the defendant in Simmons prior to 2011. Accordingly, I find that the decision in Simmons provides Mr. Pelullo no relief, and that his petition is untimely and must be dismissed.

Even if this petition were timely, however, it would still fail. To be eligible for *habeas corpus* relief, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2241(c)(3). The Supreme Court has interpreted this section as requiring that the petitioner be "in custody" pursuant to the sentence or conviction under attack at the time the petition is filed. Maleng v. Cook, 490 U.S. 488, 493, 109 S. Ct. 1923 (1989). Further, the Court has extended the "in custody" requirement to cases where the petitioner is no longer physically confined, such as where the petitioner remains on parole. See Jones v. Cunningham, 371 U.S. 236, 240 (1963). Once a petitioner's sentence under the conviction or sentence he is challenging has fully expired, however, he is no longer "in custody" for purposes of filing a *habeas* petition. Maleng v. Cook, 490 U.S. at 492 ("While we have very liberally construed the 'in custody' requirement for purposes of federal *habeas*, we have never extended it to the situation where a *habeas* petitioner suffers no present restraint from a conviction").

Mr. Pelullo concedes that he has completed serving his sentence in this case. While he is challenging this conviction as it relates to the collateral consequences it could have on his current indictment in the District of New Jersey, these alleged consequences are insufficient to render him "in custody" for purposes of filing a federal petition for writ of *habeas corpus*. Maleng v. Cook, 490 U.S. at 492 (where a sentence has expired, collateral consequence of conviction being used to enhance a subsequent sentence does not satisfy "in custody" requirement).

Finally, I note that, at the time of his sentencing, the maximum term of imprisonment for Mr. Pelullo's conviction was clear and did not vary based on proof of aggravating factors. Because his offense carried a maximum term in excess of one year, his conviction provides a predicate offense to subject Mr. Pelullo to prosecution under 18 U.S.C. 922(g)(1) (precluding any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" from possessing a firearm or ammunition). The fact that he received a sentence of probation rather than incarceration is irrelevant. See Dickerson v. New Banner Institute, Inc., 460 U.S. 103, 114 (1983). Thus, if Mr. Pelullo's petition were properly before me, his request for a judicial ruling that his conviction here was not a felony would have had to be denied in its entirety.

An appropriate Order follows.